**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50811
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALVARO NARVIZ-GUERRA, et al.,

Defendants,

GRACIELA JIMENEZ ARAGON,

Claimant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(A-95-CR-193)
August 17, 1998

Before DUHÉ, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Graciela Jimenez Aragon ("Aragon") appeals the dismissal of her third-party petition opposing the preliminary forfeiture order of Las Moras ranch. A jury entered the order after the trial and conviction of Alvaro Narviz Guerra and Larry Austin Grant on drug,

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

money laundering, and conspiracy charges.  Aragon argues that the district court erred in dismissing her petition for lack of standing, or alternatively, granting summary judgment.  She also argues that the district court violated her right to due process by failing to hold an oral hearing, by considering evidence from the criminal trial, and by failing to stay the final order of forfeiture pending this appeal.

We have reviewed the record and the parties' briefs and affirm the district court's finding that Aragon could not survive a motion for summary judgment.  Summary judgment requires a non-movant to support her claim with specific facts and to show a genuine issue of material fact exists.  FED. R. CIV. PRO. 56(c); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (recognizing that general factual allegations may suffice to defeat a motion to dismiss for lack of standing, but specific facts must be shown to defeat a motion for summary judgment).  Here, Aragon has offered no proof in opposition to the motion other than her own speculation, hearsay from unknown sources, and references to evidence not in the record.  Therefore, she fails to support her claim of ownership with specific facts and to show that a genuine issue of material fact exists as to whether she has title and whether her parents had any interest in the property.  Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).

We do not address Aragon's remaining claims because her lack of standing renders them moot.

AFFIRMED.